Worth stockyards for five days, at the conclusion of which he called Mr. Cisson and informed him that he had not stolen his automobile.

The jury chose to reject appellant's defense of alibi, and we find the evidence sufficient to support the conviction.

There are no formal bills of exception and no informal bills which raise the question presented in appellant's brief relating to the reading to the jury of the enhancement counts in the indictment. Regardless of this, we remain convinced of the soundness of our opinion in Crocker v. State, Tex.Cr.App., 385 S.W.2d 392, and cases there cited.

The judgment is affirmed.

tence of eight years, in the Criminal District Court of Dallas County in which a motion to dismiss the appeal was this day granted in Cause No. 39,413. It is apparent that appellant is not illegally confined.

The judgment of the trial court is therefore affirmed.

The order of this Court in Cause No. 38,657, Ex parte Charles Melton LeFors, remanding appellant for extradition is suspended until such time as the appellant is discharged from further confinement under the penal judgments and charges of the State of Texas.

### Ex parte Charles Melton LeFORS.

### No. 39427.

Court of Criminal Appeals of Texas.

March 30, 1966.

No attorney of record on appeal, for appellant.

Henry Wade, Dist. Atty., Ben Ellis and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from the order of the Criminal District Court of Dallas County refusing to release appellant from confinement. From the record it appears that appellant is confined by virtue of a conviction, wherein he was assessed a sen-

### Charles Benjamin MIZE, Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 39161.

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

